# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

LOWELL D. SHACKELFORD,
        Appellant,

       v.

DEPARTMENT OF THE ARMY,
        Agency.

DOCKET NUMBER
AT-4324-14-0777-I-1

DATE: February 24, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Jason C. Odom, Anniston, Alabama, for the appellant.

Chester Harkins Long Hutchinson, Fort Knox, Kentucky, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA). Generally, we grant petitions such as this one only

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The agency appointed the appellant to the position of Recruiting Operations Officer at Jacksonville State University under a Veterans Recruitment Appointment on December 16, 2013, subject to satisfactory completion of a 2-year trial period. Initial Appeal File (IAF), Tab 13 at 37. The appellant had worked previously at the university as a government contractor for more than 10 years. *See* IAF, Tab 1 at 10, Tab 13 at 2. The agency provided the appellant with written performance expectations. IAF, Tab 13 at 33-34. On February 28, 2014, the appellant's supervisor conducted a performance counseling meeting to address issues with the appellant's performance, including failure to complete assigned tasks, lack of knowledge of requirements for cadets, and delegation of duties to other staff members. *Id*. at 28-29. The agency terminated the appellant during his trial period on May 6, 2014, stating that his performance did not reflect basic proficiency in the essential functions of his position as he had failed to plan

events and complete tasks by the assigned dates. *Id*. at 13, 16-18. Specifically, the agency stated that the appellant had "cost the program recruiting opportunities with prospective" cadets due to a failure to follow instructions and pay attention to detail and that other employees were required to assist the appellant and monitor his work product, negatively affecting their ability to perform their own assignments. *Id*. at 16.

¶3    The appellant filed an appeal with the Board, alleging that the agency had terminated him in retaliation for filing an equal employment opportunity complaint and penalized him for U.S. Army Reserve commitments in violation of USERRA. IAF, Tab 1 at 1-2, 10-12. The administrative judge docketed the contested termination as one appeal, MSPB Docket No. AT-315H-14-0714-I-1, and the alleged USERRA violation as the present appeal, informing the appellant of the requirements of establishing Board jurisdiction over an alleged violation of 38 U.S.C. § 4311(a). IAF, Tab 3. The appellant responded with a narrative of his contractor recruiting position and active duty service prior to his appointment to the civil service and provided statements from several individuals, including colleagues from his civilian and U.S. Army Reserve positions. IAF, Tab 7 at 2-15. He outlined his difficulties with his supervisor, Major T., regarding his mandatory U.S. Army Reserve commitments, who allegedly informed him that, despite his rank of Lieutenant Colonel in the U.S. Army Reserve, he had no such rank in his civil service position. *Id*. at 5-6. After holding the requested hearing in which both the appellant and Major T. testified, the administrative judge issued an initial decision denying corrective action, finding that the appellant had failed to demonstrate by preponderant evidence that his military service was a substantial or motivating factor in the agency's decision to terminate him during the trial period. IAF, Tab 17, Initial Decision (ID) at 5.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶4        On review, the appellant argues that the administrative judge denied him proper procedure and erred by weighing the agency's evidence before considering the appellant's case in violation of the burden-shifting analytical framework set out in 38 U.S.C. § 4311(c)(1).  Petition for Review (PFR) File, Tab 1 at 2-3.  The appellant asserts that he "unquestionably established" that his service in the U.S. Army Reserve was a substantial or motivating factor in the agency's decision to terminate him during his trial period and that the administrative judge misinterpreted the evidence by treating his evidence as "nothing more than a case in rebuttal" to the agency's evidence and argument.  *Id*. at 3-4.  The agency responds that the administrative judge properly considered all record evidence in reaching his conclusion and that there is no requirement that an initial decision refer to an appellant's testimony first or give it more weight than other evidence. PFR File, Tab 3 at 6.  Thus, the agency argues that the administrative judge afforded the appellant proper procedures and committed no error that affected the appellant's substantive rights.  *Id*. at 7.

¶5        Under 38 U.S.C. § 4311(a), an individual who has an obligation to perform military service shall not be denied retention in employment or any benefit of employment by an employer on the basis of that service.  An appellant raising a discrimination claim under 38 U.S.C. § 4311(a) bears an initial burden to prove by preponderant evidence that his military status was a substantial or motivating factor in the agency action.  *Sheehan v. Department of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001).  If an appellant meets this burden of proof, the employing agency has an opportunity to show, by preponderant evidence, that it would have taken the action despite the appellant's protected service status.  *Id*. at 1014; *see* 38 U.S.C. § 4311(c)(1).  The factfinder may reasonably infer discriminatory motivation under USERRA from a variety of factors, including an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and proximity in time between the

employee's military activity and the adverse employment action. *Sheehan*, 240 F.3d at 1014.

¶6         The appellant argues that the administrative judge weighed the agency's case before his case "in contravention of the proper 'burden shifting' procedure." PFR File, Tab 1 at 3.  The appellant presents no authority for his proposition that 38 U.S.C. § 4311(c)(1) requires the administrative judge to consider the entirety of the appellant's case before considering the agency's evidence, or to draft the initial decision in a similar manner.  Indeed, our reviewing court has held that, "[i]n determining whether the employee has proven that his protected status was part of the motivation for the agency's conduct, all record evidence may be considered, including the agency's explanation for the actions taken." *Sheehan*, 240 F.3d at 1014.  Thus, we find that the administrative judge properly considered all testimony and written evidence in determining that the appellant had not proved by preponderant evidence that his U.S. Army Reserve service was a substantial or motivating factor in the agency's decision to terminate him.  *See* ID at 5-18.  The order in which the administrative judge analyzed the testimony of the witnesses does not affect the analysis of whether the appellant provided sufficient evidence to demonstrate discrimination under USERRA, and the appellant has offered no basis for disturbing the initial decision or for the Board to analyze the record under a different analytical framework.  *See* 5 C.F.R. § 1201.115(c).

¶7         We have reviewed the appellant's remaining arguments and find they constitute mere disagreement with the administrative judge's explained findings, which are supported by the record evidence.  *See* PFR File, Tab 1 at 4; *see also Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).  The initial decision thoroughly

analyzes the record evidence regarding the appellant's performance issues during his trial period, and it highlights his own acknowledgment of certain deficiencies. ID at 12. Further, we find no reason to disturb the administrative judge's findings that the comments and behavior of Major T. and Captain S. failed to establish that the appellant's military service or obligations were a substantial or motivating factor in the agency's action. ID at 12-15.

¶8        Although the appellant alleges that the administrative judge erred in giving "more weight" to the evidence and testimony of the agency, the initial decision provided detailed analysis of the record and explained the administrative judge's credibility determinations regarding the testimony of the appellant and his supervisor. PFR File, Tab 1 at 4; ID at 5-18; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so). The administrative judge considered the appellant's testimony alleging that Major T. had discriminated against him and degraded him because of his military status, but found more persuasive Major T.'s testimony that his Reserve status was not a factor. *See* ID at 8-10. For instance, as highlighted in the initial decision, Major T. testified that the appellant provided less than 1 week notice that he would be at Fort Knox for a training course for several weeks and taking one of the program's vans, leaving the program without sufficient transportation to transport the cadets for a field exercise, which had been scheduled 10 weeks in advance. ID at 7-8, 13-14. Regarding the appellant's failure to follow procedures, Major T. testified that all other staff members who required absences for Reserve or Guard duty provided advance notice on the shared office calendar to allow the program staff to plan accordingly while the appellant failed to notify his supervisor. IAF, Tab 15 (Hearing CD). The administrative judge found that this testimony was

corroborated by that of the appellant's coworker in the Alabama National Guard who experienced no difficulties with Major T. regarding his uniformed service. ID at 17-18.

¶9    Thus, we find that the appellant has presented no basis for overturning the initial decision.  He has not shown error in the administrative judge's analysis or finding that he failed to prove by preponderant evidence that his U.S. Army Reserve service was a substantial or motivating factor in the agency's decision to terminate him during his trial period.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's

website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                                              William D. Spencer
                                              Clerk of the Board

Washington, D.C.